JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 25-3309 JGB (DTBx) | Date | December 18, 2025 |
|---|---|---|---|
| Title | *Bonnie Moroz v. Omni Rancho Las Palmas LLC et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Order REMANDING Case to Riverside County Superior Court (IN CHAMBERS)**

Before the Court is a Notice of Removal filed by Defendant Omni Rancho Las Palmas, LLC ("Defendant"). ("Removal Notice," Dkt. No. 1.) After considering the Removal Notice, the Court sua sponte **REMANDS** the case to the Riverside County Superior Court.

## I.  BACKGROUND

On September 3, 2025, Bonnie Moroz ("Plaintiff") filed a complaint against Defendant and Does 1 through 25 in the Superior Court of the State of California, County of Riverside. ("Complaint," Dkt. No. 1-1.) The Complaint alleges personal injury and asserts two causes of action against Defendant: (1) negligence and (2) premises liability. (See id.) On December 8, 2025, Defendant removed the action to this Court pursuant to diversity jurisdiction. (Removal Notice at 2.)

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter from state court to federal court if the district court would have original jurisdiction. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). A defendant may therefore remove civil actions over which the federal courts have original

jurisdiction: (1) where a federal question exists or (2) where complete diversity of citizenship exists and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.

For diversity jurisdiction to be proper, each plaintiff must be a citizen of a different state than each defendant.  In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008).  A corporation is a citizen of both the state in which it is incorporated and the state in which it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).  The presence of any non-diverse party destroys complete diversity and deprives the Court of subject matter jurisdiction.  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The removing party bears the burden of establishing that removal is proper and must prove the existence of federal jurisdiction by a preponderance of the evidence.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 683–85 (9th Cir. 2006); see also California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir.), opinion amended on denial of reh'g, 387 F.3d 966 (9th Cir. 2004).  Any doubt regarding the propriety of removal must be resolved in favor of remand.  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).

The removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87–88 (2014).

"In determining the amount in controversy, courts first look to the complaint."  Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015).  When a state-court complaint alleges on its face "damages in excess of the required jurisdictional minimum," the amount pled controls, unless it appears "to a legal certainty" that the claim is for less than the jurisdictional amount.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402–404 (9th Cir. 1996).  Conversely, "[w]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 793 (9th Cir. 2018); see also Dart Cherokee Basin Operating Co., LLC, 574 U.S. at 82.

"[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability."  Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010).  Accordingly, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'"  Campbell v. Vitran Exp., Inc., 471 F. App'x 646, 648 (9th Cir. 2012) (quoting Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." Richmond v. Allstate Ins. Co., 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting Gaus, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in the complaint, or has affirmatively alleged an amount less than $75,000, the burden lies with the defendant to show, by a preponderance of the evidence, that the jurisdictional minimum is satisfied. Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106–07 (9th Cir. 2010); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).

The district court may remand a case sua sponte or on a party's motion. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447.

### III.  DISCUSSION

Defendant contends that removal is proper under 28 U.S.C. § 1441(b). (See Removal Notice at 2.) Defendant asserts diversity exists because it is a limited liability company registered in the State of Delaware, with its principal place of business in Texas, and Plaintiff resides in California. (Id.) Defendant further alleges that the amount in controversy is met because of the alleged damages and "Plaintiff's counsel refuses to stipulate that the amount in controversy at issue does not exceed $75,000." (Id.)

First, it is not clear that there is complete diversity between the parties. Defendant states that Plaintiff "resides in California" but this allegation is insufficient to establish citizenship for purposes of diversity jurisdiction, see Kanter v. Warner-Lambert Co., 265 F.3d 853, 857–58 (9th Cir. 2001) ("[A] natural person's state citizenship is [] determined by her state of domicile, not her state of residence.").

Second, Defendant has not met its burden of establishing that the amount-in-controversy requirement is satisfied. Plaintiff does not allege that the amount in controversy exceeds $75,000 in the Complaint. (See Complaint.) Plaintiff alleges that she fell on Defendant's property due to a missing tile and "sustained injuries to her left knee, tibial plateau fracture and medial meniscus," resulting in "medical expenses" and projected "future medical treatment." (Complaint at 4.) Plaintiff further asserts that she suffered "hospital and medical expenses" and "general damage." (Id. at 3.) The prayer of relief seeks compensatory damages according to proof. (Id.) Accordingly, the Complaint fails to confer subject matter jurisdiction on this Court. The Removal Notice likewise provides no factual basis to support Defendant's assertion that the amount in controversy is met. (See Removal Notice at 2.) Defendant only relies on Plaintiff's refusal to stipulate to the amount in controversy. (Id.) However, "[a] refusal to stipulate to receive less than $75,000 certainly does not conclusively establish that the amount of controversy

is met." Patel v. Nike Retail Servs., Inc., 58 F. Supp. 3d 1032, 1039 (N.D. Cal. 2014) (citing Conrad Associates v. Hartford Acc. & Indem. Co., 994 F.Supp. 1196, 1199 (N.D. Cal. 1998)).

With respect to complete diversity and the amount in controversy, Defendant fails to meet its burden of establishing that removal is proper by a preponderance of the evidence. See Duncan, 76 F.3d at 1485. Accordingly, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

### IV. CONCLUSION

For the foregoing reasons, the Court sua sponte **REMANDS** the action to the Superior Court of California, County of Riverside, and **DIRECTS** the Clerk to close the case. (JS-6)

**IT IS SO ORDERED.**